**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jorge Armando JALOMO–GALLO,**
**Defendant–Appellant.**

No. 02–41698.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 18, 2004.

James Lee Turner, Assistant US Attorney, Kathlyn Giannaula Snyder, Assistant US Attorney, US Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, Myrna G. Montemayor, Aurora Ruth Bearse, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM.*

Jorge Armando Jalomo–Gallo ("Jalomo") appeals from his conviction of illegal reentry following deportation. Jalomo contends that the district court erred by denying his motions to withdraw his guilty plea, suppress evidence, and dismiss his indictment. He contends that his 1996 deportation proceeding violated the Due Process Clause because the immigration judge erroneously informed him that he was not eligible for discretionary relief from deportation. Jalomo also contends, for the first time on appeal, that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Jalomo concedes that his contentions are foreclosed by this court's case law, but he raises them to preserve them for further review.

An immigration judge's error in not informing an alien of eligibility for forms of discretionary relief does not violate the alien's right to due process. *United States v. Lopez–Ortiz,* 313 F.3d 225, 230–31 (5th Cir.2002), *cert. denied,* 537 U.S. 1135, 123 S.Ct. 922, 154 L.Ed.2d 827 (2003). The district court did not err by denying Jalo-

mo's motions to withdraw the plea, suppress evidence, and dismiss the indictment.

*Apprendi* did not overrule *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *See Apprendi,* 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). We must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit,* 231 F.3d at 984 (internal quotation and citation omitted). Accordingly, Jalomo has not established error, plain or otherwise, with respect to his conviction under 8 U.S.C. § 1326(b)(2).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.